# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| VINCENT NELL HOOVER, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-cv-00125-TWP-DML |
| | ) | |
| CLARKSVILLE POLICE DEPARTMENT, and | ) | |
| DEREK CRAWFORD (Officer), | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY ON DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on a partial Motion to Dismiss filed by Defendant Clarksville Police Department (Dkt. 15), pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground the plaintiff has failed to state a claim upon which relief can be granted. Plaintiff Vincent Nell Hoover, Jr. ("Hoover"), filed this *pro se* action against the Clarksville Police Department and Officer Derek Crawford ("Officer Crawford") asserting claims of false arrest and illegal search. The Clarksville Police Department seeks dismissal, asserting that it is not a suable entity. For the reasons stated below, the Motion is **granted**.

## I. BACKGROUND

As required when reviewing a motion to dismiss, the court accepts as true the factual allegations in the complaint and draws all inferences in favor of plaintiff as the non-moving party. *See Bielanski v. County of Kane*, 550 F. 3d 632, 633 (7th Cir. 2008).

On March 13, 2018, Hoover was at a Burlington Coat Factory store in Clarksville, Indiana with a friend. His friend was suspected of shoplifting and Hoover had nothing to do with any alleged crime at Burlington. When Officer Crawford arrived to investigate he conducted an illegal

search of Hoover's person and located a firearm and drug paraphernalia. Hoover was arrested, transported and booked into the Clarksville Jail.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Therefore, the court must determine whether the complaint contains sufficient factual matter, accepted as true to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The United States Supreme Court further explained that although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id*. *See Bissessur v. Ind. Univ. Bd. of Trs*., 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## III.   DISCUSSION

In their partial Motion to Dismiss, Defendants ask the Court to dismiss with prejudice all claims against the Clarksville Police Department. *Monell v. Dep't of Soc. Servs*., 436 U.S. 658

(1978), held that municipalities may be sued as "persons" acting under color of state law under § 1983. The Seventh Circuit has stated that in the state of Indiana, municipal corporations have the capacity to sue and be sued. *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011).

Municipal corporations include cities, towns, townships, and counties – but not their individual divisions like a particular board, agency, or department. *Id*. Under Indiana law, a city's police department is not a municipal entity capable of suing or being sued. *See McAllister v. Town of Burns Harbor*, 693 F. Supp. 2d 815, 822 n.2 (N.D. Ind. 2010). Defendants argue that the Clarksville Police Department is not suable in this context because a city's police department is merely a vehicle through which the city government fulfills its policy functions and is not a proper party defendant. *Monell* sets forth the few exceptions for when a local governing body may be liable for monetary damages under § 1983: if the unconstitutional act complained of is caused by (1) an official policy adopted and promulgated by its officers; (2) a government practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy making authority.

Hoover did not respond to the Motion. Because he does not contest the Motion or allege any basis to support a *Monell* claim, the partial Motion to Dismiss is **granted** and the Clarksville Police Department is dismissed from this action with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant' Clarksville Police Department's partial Motion to Dismiss ([Filing No. 15](Filing No. 15)). The Clerk is **directed** to terminate the Clarksville Police Department as a defendant in this action. The claims against Officer Derek Crawford shall proceed.

**SO ORDERED.**

Date: 9/23/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Vincent Nell Hoover, Jr., #131153
FLOYD COUNTY JAIL
Inmate Mail/Parcels
P.O. Box 1406
New Albany, Indiana 47150

Casey C. Stansbury
FREEMAN MATHIS & GARY, LLP
cstansbury@fmglaw.com

Curtis Matthew Graham
FREEMAN MATHIS & GARY, LLP
cgraham@fmglaw.com