UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| VINCENT NELL HOOVER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:19-cv-00125-TWP-DML |
| ) | |
| DEREK CRAWFORD Officer, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO SUBMIT
BELEATED DESIGNATIONS OF EVIDENCE**

This matter is before the Court on Plaintiff Vincent Nell Hoover Jr's., ("Mr. Hoover") Motion to Submit Statements and Events in Support of Defendant's Body Camera Footage. (Dkt. 58.) For the reasons stated below, Mr. Hoover's Motion is **denied.**

**I. DISCUSSION**

Mr. Hoover initiated this action on June 13, 2019, (Dkt. 1), against Defendant Derek Crawford ("Officer Crawford") and the Clarksville, Indiana, Police Department, asserting claims of false arrest and illegal search in violation of the Fourth Amendment. Early in the proceedings, and prior to conducting discovery, Mr. Hoover filed a Motion for Summary Judgment on November 27, 2019, (Dkt. 30). Officer Crawford filed his Response in Opposition to Plaintiff's Motion For Summary Judgment on January 6, 2020, (Dkt. 40) and designated affidavits and other evidence. (*See* Dkts. 40-1, 40-2, 40-3 and 40-4). Mr. Hoover promptly filed a Reply brief on January15, 2020, (Dkt. 44), making the Motion ripe for ruling.

In his summary judgment motion, Mr. Hoover asserted that Officer Crawford violated his constitutional rights during an arrest on March 13, 2018. In both his Motion and Reply brief, Dkt. 44, (filed on January 15, 2020), Mr. Hoover argued that body camera footage would show actions

contrary to Officer Crawford's police report. However, no body camera footage was designated as evidence. Eventually, upon an Order by the Court to release it, (Dkt. 51), on June 1, 2020, counsel for Officer Crawford filed with the Court a thumb drive of the body camera videos surrounding Mr. Hoover's arrest, (Dkt. 54). On June 10, 2020--the same date that the instant motion was entered on the docket--this Court denied Mr. Hoover's summary judgment motion. In the Order Denying Plaintiff's Motion for Summary Judgment (Dkt. 59), the Court stated:

> Mr. Hoover's assertions are correct that the body camera footage shows inconsistencies in Officer Crawford's version of events; and likewise, the footage shows inconsistencies as to Mr. Hoover's versions of events. However, the Court may not assess the evidentiary value of the videocam footage when ruling on this motion, because it is not designated as evidence for purposes of this motion. The evidence designated shows that summary judgment is not warranted because there are numerous material facts in dispute in this case.

*Id*. at 6.

Mr. Hoover now seeks to supplement his summary judgment motion by submitting statements, events and evidence contained in the body camera video. He contends that certain "statements and events from the body camera footage, that the Plaintiff is relying upon, will discredit the Defendant's response in opposition to Plaintiff's motion for summary judgment, as well as the Defendant's sworn affidavit." (Filing No. 58 at 1.) Unfortunately for Mr. Hoover, neither the Local Rules nor the Federal Rules of Civil Procedure provide for the filing of supplemental materials after a Rule 56 motion has been fully briefed.

In submitting his request, Mr. Hoover refers to an order dated May 22, 2020 (Dkt. 51). In a footnote of that Order, the Magistrate Judge advised Mr. Hoover that if he does rely on parts of the video footage as evidence at later times in this case, he must be specific about the contents of the footage he is relying on. *Id*. at 2. The Magistrate Judge instructed Mr. Hoover that it will not be sufficient for him to contend only that the footage "totally discredits" Officer Crawford's

statements; he must instead describe the statement(s) he says are discredited and identify as specifically as possible the event(s) shown by the footage that allegedly are inconsistent with the statement(s). *Id*. at 2. This instruction does not inform Mr. Hoover that he can belatedly submit statements and events from the bodycam video to support his summary judgment motion.

In the absence of a local rule or court order stating otherwise, Rule 56(b) allows a party to move for summary judgment at any time until 30 days after the close of discovery. Mr. Hoover acted within his rights to move for summary judgment even though substantial discovery had not occurred. Fed. R. Civ. P. 56(b). However, as the moving party seeking summary judgment, Mr. Hoover was required to file and serve a supporting brief and any evidence (that is not already in the record) that he relied upon to support the motion. Local Rule 56-1(a). *Celotex Corp. v. CatreĴ*, 477 U.S. 317 (1986), is the seminal case outlining the respective obligations of the parties in summary judgment motions. A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions together with the affidavits if any,' which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, at 323. Although the rules allow the filing of a summary judgment motion early in the proceedings, Mr. Hoover should not have filed his summary judgment motion until he was in possession of all discovery, statements and materials (such as the body camera footage) that he wished to designate as evidence for the Court's consideration. It is too late to do so now. The deadline to designate evidence has passed and the Court has already issued a ruling. Accordingly, the Motion is denied.

## IV. CONCLUSION

For the reasons stated above, Mr. Hoover's Motion to Submit Statements and Events in Support of Defendant's Body Camera Footage, Dkt. [58], is **DENIED**. The result of this ruling is not determinative of Mr. Hoover's success in this case. Discovery appears to be ongoing. Mr. Hoover may use the body camera footage and other evidence to support his position during settlement negotiations and if this matter proceeds to trial, as evidence at trial. However, it is too late to be designated and considered as evidence for purposes of his summary judgment motion.

**SO ORDERED.**

Date: 6/17/2020

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Vincent Nell Mr. Hoover, Jr., #131153
FLOYD COUNTY JAIL
Inmate Mail/Parcels
P.O. Box 1406
New Albany, Indiana 47150

Curtis Matthew Graham
FREEMAN MATHIS & GARY, LLP
cgraham@fmglaw.com

Casey C. Stansbury
FREEMAN MATHIS & GARY, LLP
cstansbury@fmglaw.com